JS6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No. 8:23-cv-02306-DOC-KESx                                                            Date:  December 14, 2023

Title: SIMIN BAKIAN V. STARBUCKS CORP. ET AL.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):        ORDER SUA SPONTE REMANDING CASE**

The Court, on its own motion, remands this case to Orange County Superior Court.

**I.      Background**

Plaintiff alleges that, while at Starbucks, "hot coffee spilled over her when [she] was handed the coffee." Notice of Removal ("Notice" or "Not.") (Dkt. 1) at 2. Plaintiff filed a lawsuit in State Court, seeking pain and suffering, property damages, loss of earning capacity, and costs. *Id.* Defendant Starbucks Corporation ("Starbucks") removed this case to federal court, asserting that this Court has diversity jurisdiction.

**II.     Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02306-DOC-KESx                                            Date: December 14, 2023

Page 2

pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02306-DOC-KESx						Date: December 14, 2023

Page 3

While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**III. Discussion**

Starbucks argues that this Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds the statutory minimum. Not. at 2. Plaintiffs' Complaint does not specify the amount in controversy. *See* Ex. A to Not. (Dkt. 1-2). Therefore, Starbucks must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Guglielmino*, 506 F.3d at 699.

Starbucks has not met its burden. Starbucks' only evidence regarding the amount in controversy is a conclusory statement that "Plaintiff is alleging general damages in the amount of $400,000 and special damages in the amount of $425,000." Not. at 2. It is unclear where Starbucks got those numbers, since they are neither alleged in the Complaint nor substantiated by summary judgment type evidence. When a defendant does not produce evidence regarding the amount in controversy, courts sometimes look to the "nature of the plaintiffs' alleged injuries" to determine whether the suit is worth more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-02306-DOC-KESx | Date: December 14, 2023 |
| | Page 4 |

than $75,000. *Tolentino v. Costco Wholesale Corp.*, No. 2:17-CV-02425-KJM-DB, 2018 WL 740134, at * 2 (E.D. Cal. Feb. 7, 2018); *see also In re: Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015) ("[C]ourts have recognized that claims for wrongful death are sufficient to establish the requisite amount in controversy[.]"). Here, Plaintiff was injured when hot coffee spilled on her. The nature of this injury does not permit the Court to infer that Plaintiff suffered more than $75,000 in damages.

Because Starbucks has not met its burden to show the amount in controversy exceeds $75,000, the Court lacks jurisdiction over this case.

## IV. Disposition

For the reasons set forth above, the Court **REMANDS** this case to the Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |